Priority ___
Send ✗
Clsd ___
Enter ___
JS-5/JS-6 ___
JS-2/JS-3 ___

CLERK US DISTRICT COURT

MAR 2 2 2000

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

---

FRANK EUGENE JONES,
aka Perry Tally,

        Petitioner,

      VS.

MICHAEL K. MADDING, Warden,
et al.,

        Respondent(s).

CASE NUMBER CV 99-10639 CM(Mc)

NOTICE OF FILING OF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND LODGING
OF PROPOSED JUDGMENT AND/OR ORDER

---

TO:  ALL PARTIES OF RECORD

Frank Eugene Jones, #D-91162
California State Prison-L.A.C.
44750 60th Street, West
Lancaster, CA 93536-7620

Joseph P. Lee
Deputy Attorney General
300 S. Spring Street
Los Angeles, CA 90013

    You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment and/or order has been lodged on March 22, 2000, copies of which are attached.

    Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than APRIL 14, 2000, file and serve a written statement of objections with points and authorities in support thereof before the Honorable JAMES W. McMAHON, U.S. Magistrate Judge.

    Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact.  Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition.  Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

    The report and recommendation of Magistrate Judge is not a final appealable order.  A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

                      CLERK OF COURT
                      UNITED STATES DISTRICT COURT

Dated: March 22, 2000
Attachments

By Araceli Flores, Deputy Clerk

M-51(04/96)

ENTERED ON ICMS
MAR 2 2 2000
CV

10

FILED
CLERK US DISTRICT COURT

MAR 2 2 2000

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

FRANK EUGENE JONES,           )
aka Perry Tally,              )
                             )    Civil No. CV 99-10639-CM (Mc)
              Petitioner,     )
                             )
      v.                      )
                             )    REPORT AND RECOMMENDATION OF
ERNEST ROE, Warden,           )    UNITED STATES MAGISTRATE JUDGE
et al.,                       )    ON A PETITION FOR WRIT OF HABEAS
                             )    CORPUS BY A PERSON IN STATE
              Respondents.    )    CUSTODY
_____)

        This Report and Recommendation is submitted to the Honorable

Carlos R. Moreno, United States District Judge, pursuant to the

provisions of 28 U.S.C. § 636(b)(1)(B) and General Order 194 of the

United States District Court for the Central District of California.


                              **SUMMARY**

        The petitioner, a state prisoner, has filed a petition for

writ of habeas corpus.  The respondent has now moved to dismiss the

petition on the ground that Claim One of the petition is procedurally

barred and that the petitioner has failed to exhaust state remedies as

to both Claims One and Two.  For the reasons discussed below, the

1  magistrate judge recommends that the district court dismiss the

2  present petition, without prejudice, for failure to exhaust state

3  remedies.

4

5  **BACKGROUND**

6  The petitioner is a state prisoner at the California State

7  Prison Los Angeles County in Lancaster, California.  After a jury

8  trial in the Los Angeles County Superior Court, the petitioner was

9  convicted of infliction of a corporal injury to a spouse in violation

10 of California Penal Code § 273.5(a) and assault with a deadly weapon

11 and by force likely to produce great bodily injury in violation of

12 California Penal Code § 245(a)(1).  The petitioner admitted as true

13 two prior conviction allegations within the meaning of the Three

14 Strikes Law and admitted to having served four prior prison terms.  On

15 August 23, 1995, the trial court sentenced the petitioner to serve a

16 term of 25 years to life in the state prison.

17 The petitioner appealed to the California Court of Appeal.

18 On June 3, 1997, that court affirmed the judgment, but remanded the

19 action to the trial court to exercise its discretion whether or not to

20 strike one or both of the petitioner's prior conviction allegations

21 and to reconsider whether to impose an enhanced sentence on account of

22 the four prior prison terms allegation.  On remand, the trial judge

23 declined to dismiss the petitioner's prior conviction allegation.

24 The petitioner again appealed to the California Court of

25 Appeal.  On July 30, 1998, that court affirmed the judgment.

26 On July 27, 1998, the petitioner filed a petition for writ

27 of habeas corpus in the California Court of Appeal.  On July 29, 1998,

28 that court struck the petition for writ of habeas corpus, citing

2

1 | <u>People v. Clark</u>, 3 Cal.4th 41, 173 and <u>People v. Mattson</u>, 51 Cal.2d

2 | 777, 798 (1959).

3 | On or about August 28, 1998, the petitioner filed in the

4 | California Supreme Court a petition for review of the decision of the

5 | California Court of Appeal affirming the petitioner's conviction.  On

6 | October 14, 1998, the California Supreme Court denied the petition for

7 | review, without citation of authorities.

8 | On October 14, 1999, the petitioner filed his present

9 | petition for writ of habeas corpus in this court.  The petition raises

10 | the following two claims:

11 | <u>Claim One</u>:

12 | The prosecutor committed prejudicial misconduct by arguing

13 | "facts" which she knew to be false, and by accusing certain defense

14 | witnesses of lying to the jury, thereby depriving the petitioner of

15 | his constitutional right to due process of law.

16 | <u>Claim Two</u>:

17 | The record does not demonstrate that the trial court

18 | considered all options when deciding not to strike at least one of the

19 | petitioner's prior convictions for sentencing purposes, thus depriving

20 | the petitioner of equal protection and due process of law.

21 | The respondent has now moved the court to dismiss the

22 | petition on the ground that Claim One is procedurally barred and on

23 | the separate ground that the petitioner has not exhausted state

24 | remedies as to Claim One and Claim Two.

25 | **DISCUSSION**

26 | It appears that the petitioner has not exhausted state

27 | remedies as to either claim in the petition.  The court need not reach

28 | the issue whether Claim One is procedurally barred.  The court should

3

1 dismiss the petition, without prejudice, for failure to exhaust state

2 remedies.

3      A petition for writ of habeas corpus by a person in state

4 custody may not be granted unless all available state court remedies

5 have been fully exhausted. See 28 U.S.C. § 2254(b), (c); Coleman v.

6 Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991);

7 Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). The exhaustion

8 requirement reflects a policy of federal-state comity designed to give

9 the state the initial opportunity to pass upon and correct alleged

10 violations of its prisoners' federal rights. See Picard v. Connor,

11 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

12      If a petition contains both exhausted and unexhausted

13 claims, the entire petition is subject to dismissal. See Rose v.

14 Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982);

15 Reutter v. Crandel, 109 F.3d 575, 578 (9th Cir. 1997); Guizar v.

16 Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

17      State remedies have not been exhausted unless and until the

18 petitioner's federal claims have been fairly presented to the state's

19 highest court. See Castille v. Peoples, 489 U.S. 346, 350-351, 109

20 S.Ct. 1056, 1059-1060, 103 L.Ed.2d 380 (1989), citing Picard v.

21 Connor, 404 U.S. at 275; Carothers v. Rhay, 594 F.2d at 228. A

22 federal claim is fairly presented if the petitioner has described the

23 operative facts and legal theory on which his claim is based. See

24 Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir.

25 1994). "If state courts are to be given the opportunity to correct

26 alleged violations of prisoners' federal rights, they must surely be

27 alerted to the fact that the prisoners are asserting claims under the

28

4

1  United States Constitution." Duncan v. Henry, 513 U.S. 364, 115 S.Ct.

2  887, 888, 130 L.Ed.2d 865 (1995).

3       In Claim One of the petition, the petitioner alleges that

4  the prosecutor committed prejudicial misconduct by arguing "facts"

5  which she knew to be false and by accusing defense witnesses of lying,

6  depriving the petitioner of due process of law.  The petitioner did

7  not raise Claim One of his present petition before the California

8  Supreme Court in his petition for review, the only application for

9  post-conviction relief the petitioner has ever made in that court.

10  The petitioner has not exhausted state remedies as to Claim One.

11       In Claim Two, the petitioner alleges that the record does

12  not demonstrate that the trial court considered all options when it

13  decided not to strike at least one of the petitioner's prior

14  convictions for sentencing purposes, thus depriving the petitioner of

15  equal protection and due process of law.

16       The only petition for post-conviction relief which the

17  petitioner has ever presented to the California Supreme Court is his

18  petition for review, filed on or about August 28, 1998.  The only

19  claim raised in that petition for review is the claim now asserted as

20  Claim Two.  There is, however, a crucial difference between the claim

21  asserted in the petition for review and Claim Two as asserted in this

22  court.  The petitioner did not raise a federal constitutional claim in

23  the petition for review before the California Supreme Court.  Thus, in

24  that petition for review, the petitioner never claimed that he had

25  been deprived of his federal constitutional rights to equal protection

26  and due process of law.  [Respondent's Motion to Dismiss, Exhibit N,

27  pp. N-192-N201.]  The petitioner has not exhausted state remedies as

28  to Claim 2 because he did not explicitly assert his federal

5

constitutional claim before the California Supreme Court. <u>Duncan v.</u>
<u>Henry</u>, 115 S.Ct. at 888.

The petitioner did not exhaust state remedies as to either Claim One or Claim Two of the petition.

## RECOMMENDATION

The Magistrate Judge therefore recommends that the court issue an order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing the petition without prejudice to the petitioner's right to file a new petition after he has exhausted state remedies with regard to all issues raised therein.

Dated: March 20, 2000

JAMES W. McMAHON
United States Magistrate Judge

6

LODGED
CLERK, U.S. DISTRICT COURT

MAR 22 2000

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

PROPOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

FRANK EUGENE JONES,                  )
aka Perry Tally,                     )
                                     )   Civil No. CV 99-10639-CM (Mc)
                Petitioner,          )
                                     )
                                     )   JUDGMENT
          v.                         )
                                     )
MICHAEL K. MADDING, Warden,          )
et al.,                              )
                                     )
                Respondent(s).       )
_____)

          Pursuant to the order of the Court adopting the findings,

conclusions and recommendations of the United States Magistrate Judge,

          The petition for writ of habeas corpus is dismissed without

prejudice to the petitioner's right to file a new petition after he

has exhausted state remedies with regard to all issues raised therein.

Dated:


                              _____
                              CARLOS R. MORENO
                              United States District Judge